**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ROBERT LOUIS THOMPSON** | : | |
| Plaintiff | : | |
| v. | : | CIVIL ACTION NO. **RWT–07-1910** |
| **MICHAEL COLLINS et al.,** | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

This is a pro se Petition for Writ of Mandamus filed by Robert Louis Thompson, an inmate at the Roxbury Correctional Institution, asking this court to order the Attorney General of the State of Georgia to stay parental rights proceedings in the Superior Court for Paulding County, Georgia concerning the adoption of his biological daughter by Michael Collins. Thompson has also filed a Motion to Proceed in Forma Pauperis, The court will grant Thompson leave to proceed in forma pauperis, and dismiss the Petition without prejudice to its refiling in the appropriate court.

Federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a plaintiff. See 28 U.S.C. § 1361. This court, however has no mandamus jurisdiction over state employees such as the Attorney General of Georgia and cannot order the relief sought here. See Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969). Further, given the facts presented, defendants Michael and Colleen Colleens are private citizens over whom this court does not have mandamus authority. Pursuant to 28 U.S.C. §1915A, the court will dismiss this claim *sua sponte* for failure to state a claim upon which relief can be sought.

The remedy of mandamus is a drastic one, invoked only in extraordinary circumstances. See

Kerr v. United States District Court, 426 U.S. 394, 402 (1976). "The party seeking mandamus relief

carries the heavy burden of showing that he has no other adequate means to attain the relief he

desires and that his right to such relief is clear and indisputable." In re Beard, 811 F. 2d 818, 826

(4th Cir. 1987)(quotations omitted). Even if this court had the authority to order Defendants to stay

proceedings, Thompson fails to allege that there is no other adequate forum in which to seek relief.

Absent a federal or constitutional cause of action, this matter may not proceed for lack of

subject matter jurisdiction. Federal district courts have jurisdiction in civil actions arising under the

Constitution and laws of the United States. *See* 28 U.S.C. §1331.[1]   Accordingly, the court will

dismiss this case without prejudice by separate order.


July 30, 2007
Date

                                                /s/
                                   Roger W.  Titus
                                   United States District Judge

---

[1] To the extent this case may be brought under diversity of the parties, custody disputes
have traditionally fallen under the domestic relations exception to diversity jurisdiction.
Ankenbrandt v. Richards, 504 U.S. 689, 703-04 (1992).